# Appendix A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.,*<br><br>   Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST,<br><br>          Plaintiff,<br><br>   -against-<br><br>SAMUEL BANKMAN-FRIED, ZIXIAO "GARY" WANG, NISHAD SINGH and CAROLINE ELLISON,<br><br>          Defendants. | Adv. Pro. No. 23-50448 (KBO) |

**REVISED CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

1.  This Revised Case Management Plan and Scheduling Order (this "CMO") shall apply in the above-captioned adversary proceeding.

    a.  The term "Complaint" as used herein shall mean the complaint filed in the above-captioned adversary proceeding on July 20, 2023.

    b.  The term "Defendant" as used herein shall mean Samuel Bankman-Fried.

2.  Defendant shall have until June 10, 2024 to answer, move against, or otherwise respond to the Complaint.

    a.  Moving briefs, if any, shall be due June 10, 2024;

    b.  Oppositions to any motion to dismiss shall be due July 15, 2024; and

    c.  Replies shall be due August 13, 2024.

3.  The following discovery and pretrial schedule shall apply absent further agreement of the

Parties or order of the Court.

a. **<u>Initial Disclosures.</u>**  Each party shall serve its initial disclosures required by Rule 26(a)(1) (BR 7026) no later than June 18, 2024.

b. **<u>Fact Discovery.</u>**

    i.    The parties may serve document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery on or after June 18, 2024.

    ii.    The parties may serve on non-parties subpoenas for documents pursuant to Rule 45 (BR 9016) on or after June 18, 2024.  The parties agree that the party or attorney who issues such a subpoena shall, within three business days of receipt of responsive materials, use best efforts to produce such materials to all other parties in the form in which they were received.

    iii.    The parties shall substantially complete their production of documents in response to document requests served on or before September 24, 2024, by January 16, 2025 (it being understood that the Parties will produce responsive materials on a rolling basis in advance of such date).

    iv.    The parties shall provide logs of documents withheld or redacted on privilege grounds by July 18, 2025.

    v.    Deposition notices or non-party subpoenas seeking deposition testimony shall be served no less than 14 days prior to the deposition date.  The parties shall work to find mutually agreeable deposition dates wherever practicable.

    vi.    Fact discovery shall be completed by June 1, 2026.

c. **<u>Expert Discovery.</u>**

    i.    Plaintiff's initial expert reports shall be served by June 16, 2026.

    ii.    Defendant's expert reports—including rebuttal reports in response to Plaintiff's initial expert reports and expert reports on a subject not addressed in Plaintiff's initial expert reports—shall be served by July 16, 2026.

    iii.    In the event that Defendant's expert reports address a subject not addressed in Plaintiff's initial expert reports, Plaintiff may serve a rebuttal expert report in response thereto by August 17, 2026.

    iv.    All expert reports must satisfy the requirements of Bankruptcy Rule 7026.

    v.    Expert depositions shall be completed by September 15, 2026.

-3-

    d.  **Summary Judgment Motions.**

        i.  Motions for summary judgment shall be due no later than October 15, 2026.

        ii.  Oppositions to motions for summary judgment shall be due no later than November 17, 2026.

        iii.  Replies in support of summary judgment shall be due no later than December 17, 2026.

4.  **Jurisdiction.**  Nothing in this CMO shall be deemed a waiver of any Defendant's rights under Local Rule 9013-1(f) or other jurisdictional objections or objections to the extraterritorial application of certain law.

5.  **Modification.**  The parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.